# EXHIBIT A

1  MELINDA HAAG (CSBN 132612)
   United States Attorney

2

3

4

5





6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,              )  No. CR   CR 13   169
                                          )
13            Plaintiff,                   )  VIOLATIONS:
                                          )
14       v.                                )  18 U.S.C. § 371 – Conspiracy to Defraud the
                                          )  United States; 18 U.S.C. § 1001(a)(1) – False
15  ALFRED J. VILLALOBOS and               )  Scheme Against the United States; 18 U.S.C.
    FEDERICO R. BUENROSTRO, JR.,           )  § 1349 – Conspiracy to Commit Mail Fraud
16       aka Fred Buenrostro,              )  and Wire Fraud; 18 U.S.C. §1001(a)(2) –
                                          )  False Statement to the United States; 18
17            Defendants.                  )  U.S.C. § 1505 – Obstruction of Justice; 18
                                          )  U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
18                                         )  2461(c) – Forfeiture of Fraud and
                                          )  Obstruction Proceeds
19                                         )
                                          )  (SAN FRANCISCO VENUE)
20  _____ )

21                    I N D I C T M E N T

22       The Grand Jury charges:

23                Introductory Allegations

24       At all relevant times unless otherwise specified:

25       1.      ARVCO Capital Research, LLC was a limited liability company organized and

26  existing under the laws of the State of Nevada, with its principal place of business in Stateline,

27  Nevada.  ARVCO also did business under the names "ARVCO Capital Research," "ARVCO

28  Financial Ventures, LLC," and "Capital Formation Partners."  ARVCO Capital Research, LLC,

INDICTMENT                          1

1   ARVCO Capital Research, ARVCO Financial Ventures, LLC, and Capital Formation Partners

2   will be referred to collectively hereinafter as "ARVCO."

3       2.   ALFRED J. VILLALOBOS was the founder, managing director, and majority

4   shareholder for ARVCO and all of its predecessor entities.

5       3.   Among other business ventures, VILLALOBOS operated ARVCO as a placement

6   agent that solicited investments by public pension funds into private equity funds. ARVCO was

7   typically paid an agreed upon fee based on the percentage of the total dollar amount invested by

8   the public pension fund.

9       4.   From on or about December 1, 2002, until on or about May 12, 2008, FEDERICO

10   R. BUENROSTRO, JR., aka Fred Buenrostro ("BUENROSTRO"), served as the Chief

11   Executive Officer ("CEO") of the California Public Employees' Retirement System

12   ("CalPERS"). BUENROSTRO retired from CalPERS on or about June 30, 2008. He began

13   working as an ARVCO consultant on or about July 1, 2008.

14       5.   CalPERS was an entity created by the State of California that, among other duties

15   and obligations, operated the pension benefit system and health care benefit programs for current

16   and former employees of the State of California and other public entities in California. CalPERS

17   was headquartered in Sacramento, California, and maintained offices throughout California,

18   including within the Northern District of California. CalPERS provided retirement and health

19   care benefits, among other services, including residents in the Northern District of California.

20       6.   Apollo Global Management ("Apollo") was a private equity firm based in New

21   York, New York. Prior to 2007, ARVCO had acted as the placement agent on several of

22   CalPERS' investments into Apollo funds.

23       Apollo Announces Investor Disclosure Requirement for its Placement Agents

24       7.   In or around March 2007, Apollo registered with the Securities and Exchange

25   Commission ("SEC") as an investment advisor. Thereafter, in order to comply with securities

26   laws and regulations, Apollo required all of its placement agents to obtain a signed "Investor

27   Disclosure" letter from any investor that they successfully placed in an Apollo-managed fund.

28   Apollo maintained these Investor Disclosure letters provided by the placement agents in its files

INDICTMENT                2

1  to comply with the SEC's requirement that investment advisors keep and maintain accurate

2  books and records, among other reasons.

3       8.      One of the purposes of the Investor Disclosure letters was to memorialize that

4  investors were aware of the relationship between the placement agent and Apollo.  The Investor

5  Disclosure letters specifically confirmed, among other things, that (1) the placement agent was

6  working on behalf of Apollo; (2) Apollo would pay the placement agent a certain fee in

7  connection with the investor's promise to transmit funds into the particular Apollo-managed

8  fund; (3) the fee to be paid to the placement agent would not increase the management fee or

9  other expenses borne by the investor nor reduce the investor's capital; and, (4) the investor had

10  been provided certain documents related to the investment in the particular Apollo-managed

11  fund.

12       9.      Apollo notified its existing placement agents, including ARVCO, of this new

13  policy in writing and advised them that Apollo would not pay any fee to any placement agent,

14  unless and until it received a signed Investor Disclosure letter as to each investor in each fund

15  with whom the placement agent had successfully placed in an Apollo-managed fund.

16       10.    Between approximately August 2007 and approximately April 2008, CalPERS

17  invested approximately $3 billion dollars into funds managed by Apollo, identified as: Fund VII,

18  Apollo Investment Europe ("AIE"), Special Opportunities Managed Account ("SOMA"),

19  European Principal Loan Fund ("EPF"), and Credit Opportunity Fund ("COF") (referred to

20  collectively hereinafter as "Apollo-managed funds").

21       11.    ARVCO acted as the placement agent on behalf of Apollo in connection with

22  each of these investments by CalPERS.  In each instance, Apollo required ARVCO to obtain a

23  written Investor Disclosure letter from CalPERS prior to paying ARVCO any fees for its efforts

24  in securing CalPERS' investments in each of the subject Apollo-managed funds, citing, among

25  other reasons, Apollo's obligations under the Investment Advisers Act of 1940.  All references to

26  Investor Disclosure letters throughout this Indictment refer collectively to the letters relating to

27  CalPERS' investments, placed by ARVCO, into Fund VII, AIE, SOMA, EPF, and COF.

28  ////

INDICTMENT                    3

1            <u>CalPERS Declines to Execute Investor Disclosure Letter for Fund VII</u>

2            12.      On or about August 23, 2007, ARVCO's General Counsel e-mailed a CalPERS

3 Senior Portfolio Manager with oversight over private equity investments and requested that he

4 execute an Investor Disclosure letter.

5            13.      Later that day, the CalPERS Senior Portfolio Manager notified ARVCO's

6 General Counsel that CalPERS would not sign the proposed Investor Disclosure letter and

7 referred any further questions regarding the matter to CalPERS' in-house counsel. ARVCO's

8 General Counsel contacted CalPERS' in-house counsel, who confirmed that CalPERS would not

9 execute the requested Investor Disclosure letter.

10            14.      Shortly thereafter, ARVCO's General Counsel also informed VILLALOBOS that

11 CalPERS would not execute the requested Investor Disclosure letter.

12                          <u>United States' Investigation of ARVCO</u>

13            15.      On or about May 9, 2009, ARVCO registered with the SEC as a broker-dealer.

14 As a registered broker-dealer, ARVCO was thereafter required, among other duties and

15 obligations, to make and to keep accurate books and records detailing, among other things, its

16 securities transactions, and to furnish copies of those records and other information to the SEC

17 upon request.

18            16.      On or about July 17, 2009, the SEC sent a Section 21(a) inquiry to ARVCO

19 seeking information about, among other things, its role as a placement agent in connection with

20 investments by public pension funds into private equity and other investment vehicles.

21            17.      On or about August 7, 2009 and on or about  September 25, 2009, ARVCO filed

22 reports with the SEC, notarized and signed under penalty of perjury, in which ARVCO, among

23 other things, claimed that it had obtained a series of Investor Disclosure letters from CalPERS

24 after June 2007.

25            18.      Between on or about August 21, 2009 and continuing to at least May 26, 2010, in

26 response to a further inquiry, ARVCO produced documents to the SEC.

27            19.      On or about May 18, 2010, the United States Postal Inspection Service ("USPIS")

28 opened a criminal investigation of ARVCO into possible mail fraud, wire fraud, and related

INDICTMENT                           4

1  charges.  The focus of the inquiry included ARVCO's response to the SEC regarding its role as a

2  placement agent in connection with investments made by CalPERS in private equity funds, the

3  circumstances surrounding ARVCO's receipt of commission fees from Apollo, and Investor

4  Disclosure letters relating to CalPERS' investments into Apollo-managed funds in 2007 and

5  2008.

6       20.    On or about June 1, 2010, the Federal Bureau of Investigation ("FBI") opened a

7  criminal investigation into substantially similar matters.  Shortly thereafter, the USPIS and FBI

8  agreed to investigate jointly the matters relating to ARVCO and its participation in CalPERS'

9  investments into Apollo-managed funds.

10       21.    During the course of the investigations conducted by the SEC, the USPIS, and the

11  FBI, the following matters, among others, were material to each:

12            a.    When, and the manner and means by which, someone signed Investor

13                 Disclosure letters on behalf of CalPERS in connection with CalPERS'

14                 investments in certain Apollo-managed funds;

15            b.    Whether and when anyone provided any of the signed Investor Disclosure

16                 letters to CalPERS' intra-office mail system for filing in its investment

17                 records database; and,

18            c.    Whether and to what an ARVCO representative asked anyone to sign

19                 Investor Disclosure letters that were missing substantive terms.

20       22.    On or about February 3, 2012, BUENROSTRO submitted to a voluntary

21  interview in San Francisco, California, with the SEC, the USPIS, the FBI, and United States

22  Attorney's Office ("USAO") in connection with their ongoing investigations.  BUENROSTRO

23  responded to questions about his role in, and knowledge of, the creation, execution, and

24  transmittal of the Investor Disclosure letters relating to CalPERS' investments into

25  Apollo-managed funds in 2007 and 2008.

26  ////

27  ////

28  ////

INDICTMENT                                  5

1   COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Defraud the United States)

2        23.    Paragraphs 1 through 22 are realleged as if fully set forth herein.

3        24.    On or about and between January 2008 and November 2012, both dates being

4   approximate and inclusive, in the Northern District of California, and elsewhere, the defendants,

5   ALFRED J. VILLALOBOS and<br>FEDERICO R. BUENROSTRO, JR.,<br>aka Fred Buenrostro,

7   and others, did knowingly and intentionally conspire to defraud the United States through deceit,

8   craft, trickery, and dishonest means for the purpose of attempting to defeat and obstruct the

9   lawful functions of the SEC, USPIS, and FBI, in the oversight and enforcement of the laws

10  relating to the offer, sale, and purchase of securities, and other federal criminal laws.

11        Manner and Means of the Conspiracy to Defraud the United States

12       25.    VILLALOBOS and BUENROSTRO created a series of fraudulent

13  Investor Disclosure letters in order to satisfy Apollo's record-keeping obligations under the

14  securities laws and regulations and to ensure ARVCO's receipt of commission fees from Apollo.

15  Thereafter, VILLALOBOS and BUENROSTRO covered up and lied to the SEC, the USPIS, and

16  the FBI, about the authenticity of the Investor Disclosure letters during investigations by those

17  agencies related to CalPERS' investments in Apollo-managed funds.

18       26.    In reliance on the fraudulent Investor Disclosure letters created by VILLALOBOS

19  and BUENROSTRO, between on or about January 2008, and on or about October 2009, Apollo

20  paid ARVCO a total of approximately $14 million dollars in fees in relation to the investments

21  made by CalPERS into Apollo-managed funds.

22                           Overt Acts

23       27.    In furtherance of the conspiracy and to effect the objects thereof, the following

24  overt acts were committed in the Northern District of California and elsewhere:

25             a.    On or about January 2, 2008, VILLALOBOS, BUENROSTRO, and others

26                   created a backdated Investor Disclosure letter for ARVCO in connection

27                   with CalPERS' investment in Fund VII;

28             b.    On or about January 3, 2008, VILLALOBOS caused that Fund VII

1   Investor Disclosure letter to be transmitted via interstate carrier from

2   Nevada to New York;

3   c.   On or about January 11, 2008, BUENROSTRO signed, and in some cases

4   dated, Investor Disclosure letters that were missing substantive terms;

5   d.   On or about January 13, 2008, VILLALOBOS and others inserted

6   substantive terms summarizing ARVCO's role in connection with

7   CalPERS' investments in AIE, SOMA, and EPF, onto the incomplete

8   Investor Disclosure letters previously signed and dated by

9   BUENROSTRO;

10   e.   On or about January 14, 2008, VILLALOBOS caused the Investor

11   Disclosure letters for AIE, SOMA, and EPF, to be transmitted via

12   interstate carrier from California to New York;

13   f.   On or about June 19, 2008, VILLALOBOS and others inserted

14   substantive terms summarizing ARVCO's role in connection with

15   CalPERS' investment in COF, onto an incomplete Investor Disclosure

16   letter previously signed by BUENROSTRO and added the written date of

17   "5/20/08";

18   g.   On or about June 19, 2008, VILLALOBOS caused the COF Investor

19   Disclosure letter to be transmitted via interstate carrier from Nevada to

20   New York;

21   h.   On about July 1, 2008, VILLALOBOS hired BUENROSTRO to work for

22   ARVCO, initially as a consultant and later as a full-time employee;

23   i.   On or about June 16, 2009, ARVCO transmitted via interstate wire

24   transmission a copy of the COF Investor Disclosure letter to Apollo;

25   j.   On or about August 7, 2009, VILLALOBOS transmitted, or caused to be

26   transmitted, ARVCO's "Sworn Statement Pursuant to Section 21(a)(1) of

27   the Securities Act of 1934" to the SEC;

28   ////

INDICTMENT                                    7

k.   On or about September 24, 2009, VILLALOBOS executed, under penalty of perjury, ARVCO's "Supplemental Sworn Statement Pursuant to Section 21(a)(1) of the Securities Act of 1934";

l.   On or about September 25, 2009, VILLALOBOS transmitted, or caused to be transmitted, ARVCO's "Supplemental Sworn Statement Pursuant to Section 21(a)(1) of the Securities Act of 1934" to the SEC;

m.   On or about December 27, 2010, BUENROSTRO falsely answered certain questions under oath in a deposition in the civil action of *People v. Villalobos et al.*, (Los Angeles County Superior Court, SC 107850), regarding his role in, and knowledge of, the creation, execution and transmittal of the fraudulent Investor Disclosure letters;

n.   On or about November 28, 2011, VILLALOBOS executed a written response to the SEC's "Wells" notice in which he, among other things, (1) adopted BUENROSTRO's prior false statements from the December 2010 deposition about the Investor Disclosure letters; and, (2) falsely represented and concealed his role in the creation, execution, and transmittal of the fraudulent Investor Disclosure letters;

o.   On or about February 3, 2012, BUENROSTRO participated in a voluntary interview with the SEC, the USPIS, and the FBI, in which he falsely represented, among other things:

    (1)   that he never signed any Investor Disclosure letters that were missing substantive terms;

    (2)   that he did not backdate any Investor Disclosure letters; and,

    (3)   that he had signed two original copies of complete Investor Disclosure letters for Fund VII, SOMA, AIE, EPF, and COF, whereupon he had provided one original to ARVCO and submitted the second original to CalPERS' intra-office

1   mail for filing in CalPERS' investment files;

2   p.   On or about November 7, 2012, VILLALOBOS falsely answered certain

3   questions under oath in a deposition in the civil action of *People v.*

4   *Villalobos et al.,* (Los Angeles County Superior Court, SC 107850),

5   regarding his role in, and knowledge of, the creation, execution, and

6   transmittal of the fraudulent Investor Disclosure letters;

7   q.   On or about November 8, 2012, VILLALOBOS falsely answered certain

8   questions under oath in a deposition in the civil action of *People v.*

9   *Villalobos et al.,* (Los Angeles County Superior Court, SC 107850),

10   regarding his role in, and knowledge of, the creation, execution, and

11   transmittal of the fraudulent Investor Disclosure letters;

12   r.   On or about November 9, 2012, VILLALOBOS falsely answered certain

13   questions under oath in a deposition in the civil action of *People v.*

14   *Villalobos et al.,* (Los Angeles County Superior Court, SC 107850),

15   regarding his role in, and knowledge of, the creation, execution, and

16   transmittal of the fraudulent Investor Disclosure letters; and,

17   s.   On or about November 19, 2012, VILLALOBOS falsely answered certain

18   questions under oath in a deposition in the civil action of *People v.*

19   *Villalobos et al.,* (Los Angeles County Superior Court, SC 107850),

20   regarding his role in, and knowledge of, the creation, execution, and

21   transmittal of the fraudulent Investor Disclosure letters.

22   All in violation of Title 18, United States Code, Section 371.

23   ////
24   ////
25   ////
26   ////
27   ////
28   ////

INDICTMENT                9

1  COUNT TWO: (18 U.S.C. § 1001(a)(1) – False Scheme Against the United States)

2      30.    Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if

3  set forth fully herein.

4      31.    From on or about and between January 2008 and November 19, 2012, both dates

5  being approximate and inclusive, in the Northern District of California, and elsewhere, the

6  defendants,

7  ALFRED J. VILLALOBOS and<br>FEDERICO R. BUENROSTRO, JR.,

8  aka Fred Buenrostro,

9  and others, did knowingly and willfully falsify, conceal, and cover up by trick, scheme, or device

10  material facts, specifically facts about how the Investor Disclosure letters relating to CalPERS'

11  investment in Apollo-managed funds were created, executed, and transmitted, in a matter within

12  the jurisdiction of the SEC, the USPIS, and the FBI, all agencies of the executive branch of the

13  United States.

14      All in violation of 18 U.S.C. § 1001(a)(1).

15  COUNT THREE: (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud)

16      32.    Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if

17  set forth fully herein.

18      33.    From on or about and between June 2008 and November 19, 2012, both dates

19  being approximate and inclusive, in the Northern District of California and elsewhere, the

20  defendants,

21  ALFRED J. VILLALOBOS and<br>FEDERICO R. BUENROSTRO, JR.,

22  aka Fred Buenrostro,

23  did knowingly and intentionally attempt and conspire with other persons known and unknown to

24  the grand jury to commit offenses against the United States, specifically, mail fraud and wire

25  fraud, in connection with the Investor Disclosure letter for CalPERS' investment in COF, in

26  violation of Title 18, United States Code, Sections 1341 and 1343.

27      All in violation of Title 18, United States Code, Section 1349.

28  ////

INDICTMENT                  10

1   COUNT FOUR: (18 U.S.C. § 1001(a)(2) – False Statement to the United States)

2        34.     Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if

3 set forth fully herein.

4        35.     On or about February 3, 2012, in the Northern District of California, the

5 defendant,

6                        FEDERICO BUENROSTRO, JR.

7                         aka Fred Buenrostro,

8 in a matter within the executive branch of the Government of the United States, did knowingly

9 and willfully make the following materially false, fictitious, and fraudulent statements and

10 representations, in a matter within the jurisdiction of the SEC, the USPIS, and the FBI:

11       (1)     BUENROSTRO stated that he never signed any Investor Disclosure letters that

12               were missing substantive terms in connection with CalPERS' investments in

13               Apollo-managed funds;

14       (2)     BUENROSTRO stated that, with the exception of certain Investor Disclosure

15               letters dated "5/20/08," he signed and dated each Investor Disclosure relating to

16               Fund VII, SOMA, and AIE on November 20, 2007; and,

17       (3)     BUENROSTRO stated that he signed two originals of each Investor Disclosure

18               letter for CalPERS' investments in Fund VII, SOMA, AIE, EPF, and COF,

19               providing one original to VILLALOBOS and ARVCO and the other to CalPERS'

20               intra-office mail for filing in CalPERS' investment files.

21     All in violation of Title 18, United States Code, Section 1001(a)(2).

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

INDICTMENT                 11

COUNT FIVE: (18 U.S.C. § 1505 – Obstruction of Justice)

36.     Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if fully set forth herein.

37.     On or about February 3, 2012, in the Northern District of California, the defendant,

FEDERICO BUENROSTRO, JR.<br>aka Fred Buenrostro,

did corruptly influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede, the proper and due administration of law under which a pending proceeding was being had before one or more departments or agencies of the United States, specifically, the USPIS and the FBI, by knowingly making material statements that were intentionally evasive, false, and misleading, specifically the false statements made by the defendant as charged in Count Four of this Indictment, as to his role in, and knowledge of, the creation, execution, and transmittal of the Investor Disclosure letters relating to CalPERS' investments into Apollo-managed funds.

All in violation of Title 18, United States Code, Section 1505.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 –
Forfeiture of Fraud and Obstruction Proceeds)

38.     The allegations of Counts One through Five of this Indictment are re-alleged and incorporated herein pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

39.     Upon a conviction for Count Three or Count Five, alleged above, the defendants,

ALFRED J. VILLALOBOS and<br>FEDERICO R. BUENROSTRO, JR.,<br>aka Fred Buenrostro,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said offense, including but not limited to a sum of money equal to the total proceeds from the commission of said offense.

40.     If, as a result of any act or omission of the defendants, any of said property

    a.     cannot be located upon the exercise of due diligence;

INDICTMENT                                    12

1    b.    has been transferred or sold to or deposited with, a third person;

2    c.    has been placed beyond the jurisdiction of the Court;

3    d.    has been substantially diminished in value; or

4    e.    has been commingled with other property which cannot be divided without

5          difficulty;

6   any and all interest defendants have in any other property up to the value of the property

7   described in paragraph 44 above, shall be forfeited to the United States pursuant to

8   21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461.

9        All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 1343, 1349; Title

10  28, United States Code, Section 2461; and Rule 32.2 of the Federal Rules of Criminal Procedure.

11

12  DATED: _March 14, 2013_                          A TRUE BILL

13

14                                                   _____
                                                     FOREPERSON
15

16

17  MELINDA HAAG
    United States Attorney
18

19  _____

20  MIRANDA KANE
    Chief, Criminal Division
21

22

23  Approved as to form:

24

25  _____

26  TIMOTHY J. LUCEY
    Assistant United States Attorney

27

28

INDICTMENT                          13